UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUDY DARLENE RENEE STEDMAN, <br><br> Plaintiff, <br><br> v. <br><br> GLA COLLECTION COMPANY, INC., <br><br> Defendant. | CIVIL COMPLAINT   1:16-cv-03086 <br><br> CASE NO. <br><br> DEMAND FOR JURY TRIAL |

COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT
AND THE TELEPHONE CONSUMER PROTECTION ACT

NOW comes JUDY DARLENE RENEE STEDMAN ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of the conduct by GLA COLLECTION COMPANY, INC. ("Defendant") as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA) under 15 U.S.C. §1692, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4.  Plaintiff is a 26 year old natural person living at 1223 N Ewing Street, Indianapolis, Indiana which falls within the Southern District of Indiana.

5.  Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6.  Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

7.  Defendant is a "full service professional collection agency"[1] with its headquarters located in Louisville, Kentucky.  Defendant is a third-party debt collector that is in the business of collecting consumer debts for others, including debt allegedly owed by Plaintiff.

8.  Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

9.  Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

11.  Plaintiff's daughter, Makayla Scott ("Makayla"), suffers from several health issues and as a result requires a great deal of medical care.  *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

---

[1] http://www.glacompany.com/about.html

12. Most of Makayla's medical care is covered through various government assistance programs. *See* Exhibit A.

13. In approximately April 2015, Plaintiff started receiving phone calls from Defendant to her cellular phone, (317) XXX-8636. *Id.*

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8636. Plaintiff is and has always been financially responsible for the cellular phone and its services.

15. The phone number that Defendant has most frequently used to call Plaintiff from is (502) 267-7522. *Id.*

16. Upon information and belief, the phone number ending in 7522 is regularly utilized by Defendant during its debt collection practice against consumers.

17. During answered calls, Plaintiff has often been greeted with what sounds like a recorded message asking her to hold until a representative of Defendant comes on the phone. *Id.*

18. On other answered calls from Defendant, Plaintiff has experienced a noticeable pause, approximately three seconds in length, before speaking with a live representative. *Id.*

19. Defendant has advised Plaintiff that it was acting as a debt collector and was calling for the purpose of collecting on a medical debt for Makayla. *Id.*

20. When Defendant first started calling Plaintiff, she explained that Makayla's medical care was covered and refused to make payment. *Id.*

21. Despite her prompts, Defendant has continued to call Plaintiff's cellular phone for the purposes of debt collection. *Id.*

22. On multiple occasions, Plaintiff demanded that Defendant stop contacting her. *Id.*

23. Plaintiff has received not less than 95 calls from Defendant since April 2015. *Id.*

24. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in fees and expenses.

25. Plaintiff has incurred costs putting and maintaining an application on her cellular phone to block Defendant's phone number. *Id.*

26. Plaintiff has suffered charges and expenses that she would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

27. Plaintiff has suffered financial loss as a result of Defendant's conduct. *Id.*

28. Plaintiff has been unfairly harassed by Defendant's actions. *Id.*

29. Plaintiff has suffered concrete harm as a result of Defendant's actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e, e(8), e(10) and f through its debt collection actions towards Plaintiff. Through systematic collection calls, Defendant engaged in conduct which had the natural consequence of harassing Plaintiff.

32. Despite being told to cease contacting her, Defendant continued to relentlessly communicate with Plaintiff via automated calls. Defendant was notified by Plaintiff that its calls were not welcome and pertained to debt which she believed was not owed due to Makayla's medical coverage. Defendant willfully failed to notify the credit agencies it was reporting to that Plaintiff disputed her liability on the medical debt it sought for collection.

33. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via automated calls.

34. Defendant's harassment techniques are strategically designed to induce consumers, such as Plaintiff, to pay immediately in order to avoid further harassment, embarrassment and sheer annoyance despite their inability to pay.

35. As plead in paragraphs 23 to 29, Plaintiff was harmed by Defendant's collection actions.

WHEREFORE, Plaintiff, JUDY DARLENE RENEE STEDMAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

36. Plaintiff repeats and realleges paragraphs 1 through 35 as though fully set forth herein.

37. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

38. Defendant used an ATDS in connection with its collection communications directed towards Plaintiff. The approximately three second pause that Plaintiff experienced during

answered calls from Defendant before being connected to a live representative is indicative of an ATDS. Similarly, the recorded messages that Plaintiff often heard during Defendant's calls are of the variety generated by an ATDS. Finally, the frequency and nature of Defendant's calls strongly suggests that a predictive ATDS was used to generate the communications.

39. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent that Plaintiff *may* have given to the original party of interest on the debt, which Defendant will likely assert transferred down, was specifically revoked. Plaintiff made numerous demands to Defendant to cease contacting her.

40. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

41. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, JUDY DARLENE RENEE STEDMAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further using an ATDS to contact Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

#### COUNT III – VIOLATIONS OF THE
#### INDIANA DECEPTIVE CONSUMER SALES ACT

42. Plaintiff repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Defendant violated I.C. 24-5-0.5-3(a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection attempts towards Plaintiff.

44. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

45. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

46. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

47. Defendant's collection calls and actions towards Plaintiff are "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

48. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic harassment, Defendant used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff to stop contacting her. However, Defendant ignored these prompts in an abusive attempt to procure payment from Plaintiff.

49. Placing numerous calls after being told to stop was abusive to Plaintiff. Defendant intended to harass Plaintiff into submission by causing her phone to ring repeatedly.

50. In violating the TCPA, Defendant engaged in illegal behavior during its communications towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

51. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

52. Defendant's conduct was part of an incurable act. Upon information and belief, Defendant routinely and systematically contacts consumers through means of an ATDS even when it no longer has consent to do so.

53. Plaintiff made a good-faith attempt to correct Defendant's incurable deceptive acts by demanding that it cease contacting her.

54. Defendant's actions are against public policy as it routinely subjects consumers in Indiana to unwanted harassment.

55. As pled in paragraphs 23 through 29, Plaintiff has suffered damages as a result of Defendant's unlawful conduct. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, JUDY DARLENE RENEE STEDMAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

    c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

    d. Enjoining Defendant from further using an ATDS to contact Plaintiff; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 10, 2016                    Respectfully submitted,

                                             s/ Nathan C. Volheim
                                             Nathan C. Volheim, Esq. #6302103
                                             Counsel for Plaintiff
                                             Admitted in the Southern District of Indiana
                                             Sulaiman Law Group, Ltd.
                                             900 Jorie Boulevard, Suite 150
                                             Oak Brook, Illinois 60523
                                             (630) 575-8181 x113 (phone)
                                             (630) 575-8188 (fax)
                                             nvolheim@sulaimanlaw.com